IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL M. HARRISON, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | )    CIVIL ACTION NO. 1:23-00052-JB-N |
| ARTHUR SHAUNATHAN OKYLE WILLIAMS, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) |

## **REPORT AND RECOMMENDATION**

### I.    Motion to Voluntarily Dismiss

On March 20, 2024, the Plaintiff, Crystal M. Harrison, filed a "Motion to Dismiss" requesting that the Court "dismiss the County Commission for Escambia County and Sheriff Heath Jackson as party Defendants." (Doc. 50). The County Commission and Sheriff Jackson have responded "that they do not object to dismissal." (Doc. 52, PageID.155).

Under Federal Rule of Civil Procedure 41(a)(2), "[e]xcept as provided in Rule 41(a)(1),[1] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."[2]

---

[1] None of the circumstances allowing dismissal without a court order under Rule 41(a)(1) are satisfied here.

[2] "Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant…" *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). *Accord, e.g.*, *Amerisure Ins. Co. v. Auchter Co.*, 94 F.4th 1307, 1311 n.5 (11th Cir. 2024).

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir.1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then the mere prospect of a subsequent lawsuit,* as a result." *Id.* at 856–57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants,* 781 F.2d at 857.

*Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001) (per curiam).

Harrison's motion does not specify whether dismissal should be with prejudice; the responding Defendants do not request that dismissal be with prejudice, or that any other conditions be attached to the dismissal;[3] and the undersigned finds no grounds to *sua sponte* order that the voluntary dismissal be with prejudice or subject to other terms.[4] [5] Accordingly, the undersigned will recommend that Harrison's

---

[3] *See McCants*, 781 F.2d at 860 ("A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation…We have also noted previously that a dismissal without prejudice pursuant to Rule 41(a)(2) may be conditioned upon the satisfaction of other non-monetary conditions designed to alleviate the prejudice the defendant might otherwise suffer.").

[4] *See McCants*, 781 F.2d at 856 ("[A] district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect.").

[5] Regardless, as will be explained later, dismissal of these claims, all brought under

motion to voluntarily dismiss be granted and that her claims against the County Commission and Sheriff Jackson be dismissed without prejudice, with the respective parties to bear their own costs.

## II. Dismissal for Failure to Timely Serve

Harrison's complaint named a third Defendant, Shuanathan Williams.[6] To date, Williams has not answered or appeared in this action, and there is no indication in the record that Williams has been properly served with process, or has waived it, under Federal Rule of Civil Procedure 4.

Subject to inapplicable exceptions, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented

---

42 U.S.C. § 1983, is tantamount to dismissal with prejudice because Harrison would be precluded from refiling them by the applicable statute of limitations.

[6] Harrison initially identified this Defendant as "Shanthon" Williams (*see* Doc. 1), but was later granted leave to amend the complaint to correct the defendant's name as "Shuanathan" Williams. (*See* Docs. 32, 35). Harrison reported in a subsequent filing that Shuanathan Williams's "correct name is Arthur Shaunathan Okyle Williams[,]" (Doc. 38, PageID.132), though she never sought to amend her complaint again to effectuate this second correction.

service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation omitted).

But even if "a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.* at 1282. "For example,…where the statute of limitations would preclude refiling, or where the defendant evades service or hides a problem with attempted service, the Advisory Committee Note to Rule 4(m) suggests that an extension might be appropriate." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (citing *Lepone-Dempsey*, 476 F.3d at 1282 (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments)).[7]

The complaint in this action was filed on February 9, 2023, meaning Harrison was initially required to serve Williams by Wednesday, May 10, 2023. The Court granted multiple extensions of the service deadline for Williams (*see* Docs. 18, 23, 25, 34, 37, 39, 41), but Harrison had repeated difficulty in locating Williams to properly serve him, as detailed in status reports Harrison filed. (*See* Docs. 22, 24, 31, 36, 38, 43). The last extension set a service deadline of January 2, 2024. (*See* Doc. 41). On that date, Harrison filed a status report stating as follows:

---

[7] "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281.

> 1. After Plaintiff was unable to serve Defendant [Williams] by certified mail, Plaintiff retained a process servicer.
>
> 2. The process servicer, after locating an address for Defendant, and after speaking to Defendant by telephone, states he has lost contact with Defendant, and that he is not aware where Defendant now resides.
>
> 3. Though Plaintiff has attempted to serve Defendant with due diligence, Defendant remains unserved.

(Doc. 43, PageID.138).

Unlike Harrison's prior status reports, this last report did not explain how she would continue her efforts to serve Williams. In the three months since the last service deadline, there is no indication that Harrison has made any further attempt to serve Williams, nor has she moved for another extension of the deadline.[8] Discovery ends on April 19, 2024. (*See* Doc. 26, PageID.83).

Harrison's status reports suggest that Williams may be actively evading service. Additionally, Harrison would be precluded from refiling her claims against Williams under the applicable two-year statute of limitations should they be dismissed in this case.[9] These factors could provide grounds to allow Harrison

---

[8] The Court's last extension order specified that "[n]o further extensions of time to serve Williams will be granted unless the Plaintiff, by motion, shows extremely compelling circumstances for doing so." (Doc. 41).

[9] The complaint alleges that Williams last assaulted Harrison on or about February 12, 2021. (*See* Doc. 1, PageID.2). The complaint, filed almost two years later on February 9, 2023, alleges claims under 42 U.S.C. § 1983 and Alabama tort law, all of which are subject to a two-year statute of limitations. *See, e.g., Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in

additional time to serve Williams. However, Harrison has not moved for leave to serve Williams by publication,[10] nor has she otherwise indicated that there is a reasonable likelihood of serving Williams in the foreseeable future. Harrison's three-month failure to take any additional steps to serve Williams or request additional time to do so, coupled with the fact that she has recently moved to voluntarily dismiss her claims against the other Defendants, suggest that she no longer wishes to pursue this action. Accordingly, the undersigned will recommend that the Court not exercise its discretion to further extend the service deadline for Williams, and that it dismiss the claims against him without prejudice under Rule 4(m).

### III.  Conclusion

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** as follows:

1. that Harrison's "Motion to Dismiss" filed March 20, 2024 (Doc. 50), be **GRANTED**, and that all of her claims and causes asserted against Defendants Sheriff Heath Jackson and the County Commission of Escambia County, Alabama, be **DISMISSED without prejudice**, with each party to bear its own costs;

---

the state where the § 1983 action has been brought. In Alabama,…that limitations period is two years." (citation and quotation omitted)).

[10] *See* Ala. R. Civ. P. 4.3(c) ("When a defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication."); Fed. R. Civ. P. 4(e)(1).

2. that all of Harrison's claims and causes of action asserted against Defendant Shuanathan Williams/Arthur Shaunathan Okyle Williams be **DISMISSED without prejudice** under Rule 4(m); and

3. that final judgment be set out accordingly by separate document in accordance with Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **8th** day of **April 2024**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**